[No. 15823.   Department Two.   August 6, 1920.]

*In the Matter of the Estate of* GEORGE ADIN.
LUCY SELLARS *et al., Respondents,* v.
ANNA EVELYN ROOT *et al., Appellants,*
SEVERENE OLSON *et al.,*
*Defendants.*[1]

APPEAL (172)—TIME FOR TAKING—PREMATURE APPEAL. An appeal
from part of a judgment is not premature because taken prior to
the time the right to file a motion for new trial expired, where it
appears that the parties moving for the new trial were not aggrieved
by the part of the judgment appealed from, which was in their favor.

SAME (174)—EFFECT OF MOTION FOR NEW TRIAL—TIME FOR TAK-
ING. A motion for new trial is not timely made, as required by
Rem. Code, § 402, where the court mailed to counsel copies of find-
ings of fact and conclusions of law announcing his decision, to-
gether with a letter stating that the originals would be filed with
the clerk on a certain date, which was done, and the motion for a
new trial was not made within two days after such filing.

Motion to dismiss an appeal from a judgment of the
superior court for Skagit county, Hardin, J., entered
September 17, 1919, in an action to contest a will. De-
nied.

*Robert A. Devers, R. V. Welts, Coleman & Gable,*
and *Edward Judd,* for appellants.

FULLERTON, J.—On September 16, 1916, one George
Adin, then a resident of Skagit county, died, leaving
an estate therein consisting of real and personal prop-
erty. Adin left a will in which he named one Milo A.
Root as one of his principal beneficiaries, naming him
also as the executor of the will. The will was duly pro-
bated and letters were issued to Root, appointing and
confirming him as executor of the estate. Root took
up his duties as such executor and was proceeding with

[1]Reported in 191 Pac. 839.

the administration of the estate in accordance with the terms of the will, when he died; his death occurring on January 11, 1917. Thereafter Severene Olson and Edward Crandell were appointed administrators of the estate with the will annexed.

On September 29, 1917, the respondents, heirs at law of George Adin, instituted proceedings in the court where the administration was pending in contest of the will, averring in their petition want of mental capacity on the part of Adin to make a will, and undue influence exercised over him by Root and others of the devisees whereby he was induced to name them as devisees. The heirs at law of Root were made parties defendant as the representatives of his interests, and they, with others of the devisees, took issue on the allegations of the petition. The cause was tried before a judge called in from a neighboring county. At the conclusion of the trial, the judge took the cause under advisement, and later on prepared findings of fact and conclusions of law announcing his decision. Copies of these he caused to be mailed to counsel representing the several parties to the proceedings, accompanied by a letter to the effect that the original of the findings and conclusions would be filed with the clerk of the court on September 8, 1919. The original findings and conclusions were forwarded to the clerk, and that officer filed them as directed on the day named in the letter of the judge. Two days later the contestants filed exceptions to such of the findings and conclusions as they deemed adverse to their interests. The findings confirmed the bequests as to all of the devisees, save the bequest to Root. A decree in accordance with the conclusions of the judge was entered in the cause on September 17, 1919, and at that time the heirs at law of Root gave notice in open court that they ap-

pealed from that part of the decree which held the
devise invalid as to the devisee Root.  On the next
day the contestants filed a motion for a new trial, bas-
ing their motion upon certain of the statutory grounds
found in Rem. Code, § 399.  The motion was directed
to the entire cause; the issues therein determined in
favor of the contestants as well as the issues deter-
mined against them.

The appellants afterwards perfected their appeal in
this court, and the contestants now move to dismiss
the appeal on the ground that it was prematurely
taken.  In support of the motion, the contestants argue
that, since the statute grants the right to move for a
new trial in causes of equitable cognizance as well as
those legal, a motion therefor timely made stays the
operation of the judgment and prevents it from becom-
ing final until the motion is disposed of, and that,
since appeals may be taken only from final judgments,
any appeal taken prior to the time the right to file such
a motion expires is premature.

But to this we think there are at least two sufficient
answers.  First, it is only a party aggrieved by a ver-
dict or decision who may move for a new trial (Rem.
Code, § 399), and the parties moving in this instance
are not aggrieved by that part of the judgment from
which this appeal is prosecuted.  This part of the
judgment is in their favor.  The issues respecting it
were determined in accordance with their contentions
and in accordance with the prayer of their petition.
By a new trial they could obtain no more favorable
relief than they now have, and plainly have no griev-
ance because of the judgment of which they can legally
complain.

Second, the motion was not timely made.  By Rem.
Code, § 402, it is provided that the party moving for

a new trial must, within two days after notice in writing of the decision of the court, where the action is tried without a jury, file with the clerk and serve upon the adverse party his motion for a new trial, designating the grounds upon which it is made. In this instance, notice of the decision of the court and of the day the findings and conclusions evidencing the decision would be filed with the clerk was given the contestants long prior to the entry of the judgment. That they had actual notice of such filing in time to file such a motion prior to the entry of the judgment is evidenced by the fact that, within two days after the findings and conclusions were filed, they took formal exceptions thereto in writing and filed the same in the cause. It may be that they were entitled to delay the motion until the findings and conclusions were made certain by a formal filing with the clerk, but plainly they were required to file their motion for a new trial within two days after such time. *State ex rel. Payson v. Chapman,* 35 Wash. 64, 76 Pac. 525. It is true we have held that, in actions of equitable cognizance, formal findings of fact and conclusions of law, while proper, are not necessary; and have held, also, that, where a judgment in such an action is filed without findings, or where findings are made but are filed at the same time the judgment is filed, a motion for a new trial is in time if made within two days after notice thereof is given, although made after the entry of the judgment. But the principle involved in these cases does not aid the contestants here. The decisions are founded on the necessities of the case; it is so held that substantial rights granted by statute may not be denied a litigant. But where necessity ceases, the rule ceases. Where a litigant can comply with the requirements of the statute, he must comply.

'For the reasons stated, we conclude that the motion to dismiss must be denied, and it is so ordered.

HOLCOMB, C. J., MOUNT, TOLMAN, and BRIDGES, JJ., concur.