[No. 15823. Department One. September 3, 1920.]

*In the Matter of the Estate of* GEORGE ADIN.
LUCY SELLERS *et al., Respondents,* v. ANNA EVELYN
ROOT *et al., Appellants,* SEVERENE OLSON
*et al., Defendants.*[1]

WILLS (20)—VALIDITY—UNDUE INFLUENCE—EVIDENCE—SUFFICIEN-
CY. There is no showing that a bequest to an attorney who drafted
a will was induced by undue influence, where, after writing a letter
in which the testator expressed a desire to give most of his property
to the attorney, he was advised not to do so, but to think the matter
over, and if he then desired to make a bequest, a smaller amount
would be acceptable; that the will was later drafted by the attorney
and contained a bequest to him in smaller amount than indicated
in the letter, after which it was read and explained to the testator,
who stated that it was correct.

SAME (38)—CONTESTS—BURDEN OF PROOF. Upon the contest of a
will which has been admitted to probate, the burden of proof is
upon the contestants to establish every material fact alleged.

SAME (17)—VALIDITY—DRAFTING OF WILL BY BENEFICIARY. The
drafting of a will by a beneficiary thereunder does not in itself de-
feat the bequest, where there is no showing of undue influence and
the evidence is clear and unequivocal that the will as written was
as the testator desired it.

Appeal from a judgment of the superior court for
Skagit county, Hardin, J., entered September 17, 1919,
upon findings in favor of the plaintiffs, as against one
defendant, in a will contest, tried to the court. Re-
versed.

*Robert A. Devers, R. V. Welts, Coleman & Gable,*
and *Edward Judd,* for appellants.

MAIN, J.—This is a will contest, the grounds of
which are the alleged incapacity of the testator and
undue influence in procuring the making of the will.
After the issues were framed, the cause was tried to

[1]Reported in 192 Pac. 887.

the court without a jury, and resulted in a judgment denying the charge of mental incapacity and overruling the charge of undue influence, except as to one bequest, which was to the attorney who drew the will. The appeal is from that part of the judgment which set aside the bequest of the attorney on the ground of undue influence. The facts essential to be stated are these:

George Adin, now deceased, was for many years prior to his death a resident of Skagit county. Milo A. Root, now deceased, was practicing law in Seattle, Washington, and for sometime prior to January 3, 1915, had been the attorney for Adin. The will in controversy was duly executed on January 3, 1915. The testator, George Adin, died in September, 1916. The will was admitted to probate by the superior court of Skagit county, October 2, 1916, and letters testamentary were issued to Milo A. Root. On January 9, 1917, Milo Root died, leaving the administration of the estate uncompleted. Subsequently administrators with the will annexed were appointed. On September 29, 1917, the contestants of the will filed their petition to vacate the order admitting it to probate, upon the grounds, as above stated, of mental incapacity and undue influence. As to the bequest of the attorney who drew the will, the trial court held "that a legal presumption of undue influence arises and exists as to the bequest made to Milo A. Root under and in said will, which presumption has not been overcome." The only question in the case is whether the bequest to Milo A. Root was induced by undue influence.

There is no evidence sustaining the charge of undue influence. All the evidence in the record on the question is to the effect that there was no undue influence. Prior to the drafting and execution of the will in con-

troversy, Adin, the testator, wrote Root a letter in which, among other things, he said: "I want to change my will and give most of my property to you." This letter is in evidence and its verity is not questioned. The evidence shows that, shortly after writing the letter, Adin came to Root's office and the latter advised him that he did not wish to accept a large bequest and suggested that Adin go home and think the matter over, and if, after deliberating upon it, he still wished to make a bequest, one in a lesser amount would be acceptable. Later, Adin again came to Root's office and the will in controversy was drafted by the latter. It contains a bequest to him, but not in the amount indicated in the letter referred to. After the will was drawn, the circumstances under which it was prepared were recited to the three persons who were to witness it. Adin, after listening to the recital, stated that it was correct. Thereupon the will was read to Adin, paragraph by paragraph, and Root's connection with it and his rights and benefits under it explained, and Adin announced that it was as he wished it. The will was then executed in proper form. The facts just recited are testified to by three creditable and disinterested witnesses. As already stated, there is no evidence in the record which shows or tends to show the exercise of undue influence. Even though the burden were upon the beneficiary of the bequest to show that no undue influence had been exercised, the evidence in this case would fully meet and overcome such burden. The rule, however, is the other way. In *Hunt v. Phillips,* 34 Wash. 362, 75 Pac. 970, it was held that, on the contest of a will which had been admitted to probate *ex parte,* the burden of proof was upon the contestants to establish every material fact alleged. Substantially the same rule has been embodied in the

probate code (Laws of 1917, ch. 156, § 17, p. 647), which reads as follows:

"In any such contest proceedings [will contests] the previous order of the court probating, or refusing to probate, such will shall be *prima facie* evidence of the legality of such will, if probated, or its illegality, if rejected, and the burden of proving the illegality of such will, if probated, or the legality of such will, if rejected by the court, shall rest upon the person contesting such probation or rejection of the will."

The facts and the presumption both sustain the will as written. While it may have been an error of judgment for a beneficiary under the will to act as the draftsman thereof, this in itself is not sufficient to defeat a bequest where there is no evidence showing undue influence, and where the evidence upon the question, given by creditable witnesses, is clear and unequivocal in support of the view that the will as written was as the testator desired it.

The judgment will be reversed, and the cause remanded with directions to the superior court to enter a judgment sustaining the will in its entirety.

HOLCOMB, C. J., TOLMAN, BRIDGES, and PARKER, JJ., concur.