[No. 20242.   Department One.   March 24, 1927.]

*In the Matter of the Estate of* THOMAS McKACHNEY, *Deceased.*

CHILDREN'S RELIEF ASSOCIATION OF KITSAP COUNTY, *Appellant,* v. KITTIE BOAZ, *Respondent.*[1]

[1] WILLS (38)—PROBATE—CONTEST—PRESUMPTION AND BURDEN OF PROOF. Under Rem. Comp. Stat., § 1387, an order probating a will makes out a *prima facie* case of the legality of the will, and a contestant, proposing an earlier will, must fail if the evidence offered fails to make out a *prima facie* case as to any of the charges made.

[2] SAME (51)—CONTEST—COSTS—RIGHT OF CONTESTANT. Rem. Comp. Stat., § 1389, authorizing costs in favor of the contestant of a will if the will be revoked has no application where the will was not revoked.

Appeal from a judgment of the superior court for Kitsap county, Douglas, J., entered April 16, 1926, upon findings in favor of the defendant, in a will contest, tried to the court. Affirmed.

*F. W. Moore,* for appellant.

*Marion Garland,* and *Reames & Moore,* for respondent.

MITCHELL, J.—This is an action in contest of the will of Thomas McKachney who died on July 25, 1925, a resident of Bremerton, Kitsap county, Washington. The will was executed on October 30, 1924, and was admitted to probate by the superior court of Kitsap county on July 28, 1925. Kittie Boaz, sole beneficiary under the will, was nominated as executrix and, upon the will being admitted, she was appointed executrix by the court and qualified as such.

Within the statutory period the Children's Relief Association of Kitsap county, a corporation for chari-

¹Reported in 254 Pac. 455.

table and benevolent purposes, commenced this contest alleging in their petition that the decedent had on February 25, 1924, duly executed and declared his last will and testament (tendered with the petition) whereby he devised and bequeathed all his property to that corporation, and alleging further that the instrument already admitted to probate was not the will of the decedent because at the date of it the decedent did not possess testamentary capacity, and further alleged that undue influence was used by the beneficiary named therein upon the mind of Thomas McKachney to induce him to sign the instrument. Kittie Boaz, as executrix and sole devisee, by her answer denied the allegations of want of testamentary capacity and the allegation of undue influence contained in the petition, with respect to the will already admitted.

The case was tried without a jury and at the conclusion of the testimony on behalf of the contestant the trial court sustained a challenge to the sufficiency of the evidence to make out a *prima facie* case in favor of the contestant and entered a judgment upholding the will of October 30, 1924, and the order admitting it to probate, and dismissed the contest proceedings. The contestant has appealed.

[1] In this case, the instrument later in point of time was duly admitted to probate as the will of the decedent. Thereafter the beneficiary under a will executed prior in point of time sought to have that will probated and at the same time contested the one already admitted. In such a case the statute, Rem. Comp. Stat. § 1387, [P. C. § 10019], provides that the previous order of the court probating the will shall be *prima facie* evidence of the legality of such will, and the burden of proving its illegality shall rest upon the person contesting such probation. This rule, as

stated in *Hunt v. Phillips,* 34 Wash. 362, 75 Pac. 970, "was in exact harmony with the general proposition of law that the burden of proving a proposition is upon him who asserts it."

The contestant alleged that the will of October 30, 1924, already admitted to probate was invalid for two specific reasons. If the contestant would prevail, it, of course, must prove both or one of those allegations. *In re Adin's Estate,* 112 Wash. 379, 192 Pac. 887. This court, on appeal, tries the case *de novo* and will give the whole testimony such weight as it thinks it is entitled to, so that the controlling inquiry in the case is, did the contestant make out a *prima facie* case in support of either of the two allegations?

For this purpose the statement of facts has been carefully read and considered, rather than the abstract and supplemental abstract which together appear to be more voluminous than the statement of facts. The test of testamentary capacity is about as well defined by our cases as possible. It is given in the case of *In re Seattle's Estate,* 138 Wash. 656, 244 Pac. 964, and cases therein cited. The same may be said of the test for determining the question of undue influence. That rule is also discussed and made plain in *In re Seattle's Estate* and cases therein cited. With these cases before us, we are entirely satisfied, on considering the testimony on behalf of the contestant, that it failed to make out a *prima facie* case as to either of the charges contained in the contestant's petition. We are further satisfied that no useful purpose would be served by attempting to write out the gist of the voluminous testimony which is devoted more largely to the accusations of undue influence and which, in our opinion, does not amount to proof although it may create some suspicion.

[2]  Contestant further complains that the trial court denied its costs reasonably incurred in the trial. As bearing upon this situation the statute, Rem. Comp. Stat., § 1389, [P. C. § 10020a], says: "If the probate be revoked or the will annulled, assessment of costs shall be in the discretion of the court." Here there was no revoking of the probate nor annulment of the will. The contestant was not entitled to costs. *In re Vaughn's Estate,* 137 Wash. 512, 242 Pac. 1094.

Affirmed.

MACKINTOSH, C. J., MAIN, FULLERTON, and ASKREN, JJ., concur.