[No. 20872. Department One. January 6, 1928.]

*In the Matter of the Estate of* G. N. MILLER, *Deceased.* E. CLARENCE MILLER *et al., Appellants,* v. BERNHARDA LEE MILLER *et al., Respondents.*[1]

[1] WILLS (13)—EXECUTION—SUBSCRIPTION. A will is properly executed and attested under Rem. Comp. Stat., § 1395, where the witnesses were told in the testator's presence that he wanted them to witness his will, whereupon he and both witnesses signed while all were present.

[2] EXECUTORS AND ADMINISTRATORS (159-1) — ACCOUNTING — DISBURSEMENTS FOR BENEFIT OF LEGATEES. An accounting of an executrix holding a life estate is properly approved where all expenses over and above income were reasonable and necessary for the preservation of the property.

Appeal from a judgment of the superior court for King county, Frater, J., entered February 15, 1927, dismissing a will contest, for insufficiency of the evidence. Affirmed.

*William H. Pemberton* and *Roy D. Robinson,* for appellants.

*Wright, Froude, Allen & Hilen,* for respondents.

MITCHELL, J.—This is an action contesting the will of G. N. Miller. Under the terms of the will his property, which it appears was community property, was given in trust for the support and maintenance of his wife, to whom he had been married twenty-five years and who survived him, with the remainder over to his three children, two of whom were children by his first marriage. His wife, Bernharda Lee Miller, was named in the will as executrix without bonds and, upon admitting the will to probate, she was appointed executrix and qualified and has been acting as such.

In due time after the will was admitted to probate,

[1]Reported in 262 Pac. 646.

the two children by the decedent's first marriage commenced this action contesting the will on the grounds that the testator did not possess testamentary capacity at the date of the will; that the making of the will was procured by undue influence; that, if executed at all, it was procured by duress and menace; and that the will was not executed in the manner required by law. In addition to these grounds of contest of the will, the plaintiffs joined, without any objection on the part of the defendants, a cause of action alleging that the executrix was not faithfully performing her duties, in that she was dissipating and wasting the estate. Wherefore they prayed that she be required to account and that she be placed under bond. Upon appropriate denials, the action was tried in all of its phases by the court without a jury. The judgment denied to the plaintiffs any relief whatever. They have appealed.

To an understanding of the facts in the case the statement of facts in its entirety has been examined, laying aside the abstract of the testimony. To set out the evidence in substantial detail would make the opinion intolerably long and serve no useful purpose, so far as the charges of want of testamentary capacity, undue influence, duress and menace are concerned, because each case depends upon its own facts and circumstances—there is no uniform rule capable of application apart from the facts of each individual case.

The test of testamentary capacity is well established in this state and has been repeatedly stated. Some of our cases on that subject are: *In re Gorkow's Estate,* 20 Wash. 563, 56 Pac. 385; *Hartley v. Lord,* 38 Wash. 221, 80 Pac. 433; *In re Vaughn's Estate,* 137 Wash. 512, 242 Pac. 1094; *In re Seattle's Estate,* 138 Wash. 656, 244 Pac. 964; *In re McKachney's Estate,* 143 Wash. 28, 254 Pac. 455; *In re Ellis' Estate,* 143 Wash. 142, 254 Pac. 837.

The same may be said as to undue influence. *Parr v. Campbell,* 109 Wash. 376, 186 Pac. 858; *Roe v. Duty,* 115 Wash. 313, 197 Pac. 47; *In re Zelinsky's Estate,* 130 Wash. 165, 227 Pac. 507; *Barbee v. Barbee,* 134 Wash. 418, 235 Pac. 945.

Upon a consideration of the evidence, as heretofore stated, we are satisfied that the decision of the trial court follows the clear preponderance of the evidence on these points. Also, the decision of the trial court that the testator was not acting under duress or menace is sustained by a clear preponderance of the evidence.

[1] As to the execution of the will, the statute, Rem. Comp. Stat., § 1395 [P. C. § 10022], provides:

"Every will . . . shall be attested by two or more competent witnesses, subscribing their names to the will in the presence of the testator by his direction or request . . ."

In this case, some weeks after the testator had his will drawn and in his possession he sent for the two persons who witnessed his execution of it. Upon their arrival one of them immediately went into his room. The testator, upon learning that the other witness had come, told the one already in his room that he wanted them to witness his will. The other witness was called into the room and told by the witness already there, in the presence of the testator, that he, the testator, wanted them to witness his will. Thereupon he, the testator, signed his name to the will in their presence and immediately, and in his presence and in the presence of each other, the witnesses signed the instrument as witnesses to the testator's signature. Clearly the terms of the statute were complied with.

[2] Upon the other branch of the case, that the executrix was not faithfully carrying out her trust, the record is equally satisfactory. An extensive and

minute accounting was gone into, and while it showed expenditures in excess of current income, it was very clearly shown that the bulk of such expenditures was occasioned by necessary and advisable repairs to the property of the estate that produced the income. Satisfactory, competent and disinterested witnesses testified to the immediate necessity for and good business judgment in making the repairs and improvements and that they were had at very reasonable prices. There was no dispute of this proof. Nor was there any satisfactory proof that the executrix was wasteful or extravagant in other ways including her personal expenses. The testimony preponderates in favor of the trial court's decision that there was no occasion to require a bond of the executrix.

It is also claimed that certain testimony of the decedent's physician was improperly admitted. That need not be discussed because, if all of it that was objected to was stricken, it would not change the result. One or two other matters are complained of, which in our opinion are of minor importance and which, upon consideration, constitute no error.

Affirmed.

MACKINTOSH, C. J., TOLMAN, PARKER, and FRENCH, JJ., concur.